IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CASSANDRA MARQUETTE,

   Plaintiff,

  v.

SAM'S EAST, INC.,

   Defendant.

CIVIL ACTION FILE
NO. 1:10-CV-2979-TWT

ORDER

This is a personal injury action. It is before the Court on the Defendant's Motion for Summary Judgment [Doc. 24], which is DENIED.

I. Introduction

Cassandra Marquette visited Sam's Club on March 27, 2008. She attempted to reach for a carton of eggs from a refrigeration unit. There were only a few cartons of eggs left, and they were located at the back of the inventory cart. Marquette opened the door to the refrigeration unit, placed one hand on the edge of the inventory cart, and leaned down with her other arm to reach for the eggs. According to Marquette, when she placed her weight on the cart, it rolled away, pulling her into the refrigeration unit and then causing her to fall backwards into the aisle. She sued

Sam's East, Inc. in this Court for negligence. She says that she did not know and could not see that the cart had wheels. Sam's now moves for summary judgment.

## II.  Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## III.  Discussion

In Georgia, a proprietor's liability to its customers is based on O.C.G.A. § 51-3-1, which provides:

> Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe.

To prove negligence in a § 51-3-1 premises liability case, a plaintiff must show "(1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." Robinson v. Kroger Co., 268 Ga. 735, 748 (1997). Here, Sam's moves for summary judgment on the following grounds: (1) a rolling inventory cart is not a dangerous condition; (2) Sam's did not have actual or constructive knowledge of the alleged hazard; (3) Marquette had equal or superior knowledge of the alleged hazard; and (4) Marquette failed to exercise ordinary care when she leaned on the inventory cart. The Court addresses each argument in turn.

    A.    <u>Dangerous Condition</u>

To recover under the premises liability statute, Marquette must show that a dangerous condition existed on the property. Metts v. Wal-Mart Stores, 269 Ga. App. 366, 367 (2004) ("Without evidence of the existence of a dangerous condition, there can be no evidence that the defendant had any knowledge of the danger."). Sam's says that Marquette offers no evidence of a dangerous condition. The Court disagrees. At this stage, the Court must view the evidence in the light most favorable to the plaintiff. Marquette says in an affidavit that the wheels of the inventory cart were not visible from the aisle because the 8-inch refrigeration-unit threshold blocked them

from view. She also says that the cart rolled away quickly and easily. A reasonable jury could find that a seemingly stable inventory cart with unsecured wheels concealed by a refrigeration-unit threshold is a dangerous condition. Accordingly, Sam's is not entitled to summary judgment on this basis.

### B. Actual or Constructive Knowledge of Defendant

To recover under the premises liability statute, Marquette must also show that Sam's had actual or constructive knowledge of the dangerous condition that existed on the property. It is undisputed that Sam's knew the inventory cart had wheels. Still, Sam's says that summary judgment is appropriate because it did not know that a wheeled inventory cart created a dangerous condition. It emphasizes that there were no previous accidents associated with the inventory cart and that the cart was in perfect working order. Even if this is the case, a reasonable jury could find that Sam's could have foreseen that a customer might lean on the inventory cart if she were unaware that it had unsecured wheels. Because issues of foreseeability are typically questions of fact for the jury, summary judgment is inappropriate on this basis.

### C. Superior Knowledge of Plaintiff

A plaintiff may not recover under the premises liability statute if she has equal or superior knowledge of the alleged hazard. If the hazard is a static defect, the plaintiff is presumed to have superior knowledge if she has successfully navigated the

hazard on a prior occasion. Here, Sam's says that Marquette had equal or superior knowledge of the location of the eggs on the cart and of the 8-inch threshold that she successfully navigated when entering the refrigeration unit. But Marquette appears to blame her fall on the inventory cart's unsecured wheels, not on the position of the eggs or the height of the threshold. Because she says in her affidavit that she could not see the wheels from the aisle, Sam's is not entitled to summary judgment on this basis.

   D. <u>Exercise of Ordinary Care by Plaintiff</u>

A plaintiff is also barred from recovering under the premises liability statute if she failed to exercise ordinary care for her personal safety. Sam's says that Marquette failed to exercise ordinary care when she leaned on the inventory cart without knowing whether the cart could support her weight. This may be the case, but questions of negligence and lack of ordinary care are typically questions of fact for the jury, except where the evidence is "plain, palpable and undisputable." <u>Robinson v. Kroger Co.</u>, 268 Ga. 735, 739 (1997); <u>see also</u> <u>Schuessler v. Bennett</u>, 287 Ga. App. 880, 886 (2007) ("Except in plain, palpable, and undisputed cases, questions of negligence and diligence, especially those involving whether the defendant exercised ordinary care, are properly left to a jury."). That is not the case here. The parties give different accounts of the amount of weight needed to move the cart, the visibility of

the wheels, and other circumstances surrounding Marquette's fall. Accordingly, Sam's is not entitled to summary judgment on this basis.

## IV.  Conclusion

For the reasons listed above, the Defendant's Motion for Summary Judgment [Doc. 24] is DENIED.

SO ORDERED, this 13 day of July, 2011.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge